**ROUTZAHN, Collector of Internal Revenue, v. CROWELL & LITTLE CONST. CO.**

**No. 6535.**

Circuit Court of Appeals, Sixth Circuit.

Jan. 8, 1935.

Louise Foster, of Washington, D. C. (Emerich B. Freed, of Cleveland, Ohio, and E. Barrett Prettyman and R. P. Hertzog, both of Washington, D. C., on the brief), for appellant.

I. W. Sharp, of Cleveland, Ohio (Frank X. Cull and Bulkley, Hauxhurst, Inglis & Sharp, all of Cleveland, Ohio, on the brief), for appellee.

Before MOORMAN, HICKS, and SIMONS, Circuit Judges.

MOORMAN, Circuit Judge.

Section 204 (b) of the Revenue Act of 1918 (40 Stat. 1061) provides that "if for any taxable year beginning after October 31, 1918, and ending prior to January 1, 1920, it appears upon the production of evidence satisfactory to the Commissioner that any taxpayer has sustained a net loss, the amount of such net loss shall under regulations prescribed by the Commissioner with the approval of the Secretary be deducted from the net income of the taxpayer for the preceding taxable year," and the taxes for the preceding taxable year shall be redetermined accordingly. It further provides that "any amount found to be due to the taxpayer upon the basis of such redetermination shall be credited or refunded to the taxpayer," and that "if such net loss is in excess of the net income for such preceding taxable year, the amount of such excess shall under regulations prescribed by the Commissioner with the approval of the Secretary be allowed as a deduction in computing the net income for the succeeding taxable year."

The appellee, a corporation, was organized April 8, 1919, and made a tax return for the period between that date and January 1, 1920, showing a net loss. In its tax return for the calendar year 1920 it deducted this loss from income. The Commissioner disallowed the deduction and assessed a deficiency tax. The appellee paid the tax, and brought this suit and recovered judgment for it.

It is conceded that the period between April 8, 1919, and January 1, 1920, was a "taxable year" for the appellee within the meaning of the statute, but it is contended that as the appellee was not in existence and had no net income in a preceding taxable year, it is not entitled to deduct the losses sustained by it in that period from net income for the succeeding taxable year. This view, the appellant says, is supported by the legislative history of the Revenue Act of 1918, indicating, as he insists, an intent to limit the remedial effect of the statute to the granting of relief from or making some return of the high taxes assessed for 1918. We have observed nothing in the history of the statute to indicate that it was so intended. If it is to be construed in the light of conditions as they existed when it was enacted, it is reasonable to assume that it was then obvious that taxpayers

would suffer heavy losses following the sudden ending of the war, and with that in mind Congress undertook to provide some relief against such losses by allowing the taxpayer to deduct them from net income in the preceding and succeeding taxable years. The granting of such relief seems to us to have been more urgent and just than a return of part of the heavy taxes paid from inflated profits in the war period. The statute plainly provides for a deduction of the loss in the succeeding taxable year. To hold that this cannot be done where there was no net income in the preceding taxable year would be a distortion of its meaning and purpose.

The judgment is affirmed.